## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA
## NORTHEASTERN DIVISION

| | |
|---|---|
| Molly Brooks, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. |
| ) | |
| Armstrong and Associates, Inc., an ) | |
| Alabama corporation, ) | |
| ) | |
| Defendant. ) | Jury Demanded |

## COMPLAINT

Plaintiff, Molly Brooks brings this action under the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, et seq. ("FDCPA"), for a finding that Defendant's collection actions violated the FDCPA, and to recover damages, and alleges:

### JURISDICTION AND VENUE

1. This Court has jurisdiction, pursuant to § 1692k(d) of the FDCPA and 28 U.S.C. § 1331.

2. Venue is proper in this District because: a) the acts and transactions occurred here; b) Plaintiff resides here; and c) Defendant resides and transacts business here.

### PARTIES

3. Plaintiff, Molly Brooks ("Brooks"), is a citizen of the State of Alabama, residing in the Northern District of Alabama, from whom Defendant attempted to collect a defaulted consumer debt allegedly owed for medical services to Huntsville Hospital.

4. Defendant, Armstrong and Associates, Inc. ("Armstrong"), is an Alabama corporation, which acts as a debt collector, as defined by § 1692a of the FDCPA,

because it regularly uses the U.S. Mail and/or the internet/telephone to collect, or attempt to collect, defaulted consumer debts that it did not originate. Armstrong operates a defaulted debt collection business and attempts to collect debts from consumers in the State of Alabama.

5. Defendant Armstrong was acting as a debt collector as to the defaulted consumer debt it attempted to collect from Plaintiff.

6. Defendant Armstrong is authorized to conduct business in Alabama, and maintains a registered agent here, see, records from the Alabama Secretary of State, attached at Exhibit A. In fact, Defendant conducts extensive business in Alabama.

**FACTUAL ALLEGATIONS**

7. Due to financial difficulties, Plaintiff was unable to pay her debts, including consumer debts (incurred primarily for personal, family or household purposes) that she allegedly owed for medical services to Huntsville Hospital. After the debts went into default, Defendant Armstrong obtained them for collection.

8. As is her right under the FDCPA, Ms. Brooks responded to Defendant's collection actions by sending letters to Defendant Armstrong on October 8, 2025, and October 10, 2025, directing Armstrong not to contact her, via any method of contact, between 8 a.m. to 6 p.m., as that time period was inconvenient due to her work schedule. Copies of these letters are attached as Group Exhibit B.

9. These letters were sent to Defendant Armstrong via U.S. Mail, First Class postage pre-paid, to the mailing address which Armstrong has listed on its corporate website for contact. These letters were not returned by the U.S. Post Office as undeliverable. A screenprint of Armstrong's corporate website is attached as Exhibit C.

10. Undeterred, Defendant sent collection emails to Ms. Brooks, including, but not limited to, emails on October 14, 2025, at 9:13 a.m., October 21, 2025, at 9:49 a.m., October 28, 2025, at 8:45 a.m., and November 4, 2025, at 8:32 a.m. – all during the times that she had told Armstrong were inconvenient due to her work schedule. Ms. Brooks saw each of these emails as they came in and was disturbed by them. Copies of these collection emails are attached as Group Exhibit D.

11. As a result of Defendant's failure to cease contacting Ms. Brooks regarding the debts at a time that is inconvenient for Ms. Brooks, she had to take the time and effort to get proof of the emails to her attorneys and then the expense (about $270) to have her attorneys send Defendant a letter, to re-assert her right not to be contacted by it between 8 a.m. and 6 p.m.. A copy of this letter is attached as Exhibit E.

## ARTICLE III STANDING

12. In enacting the FDCPA, Congress expressly set forth that the statute was intended to prevent "abusive practices":

> There is abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors. Abusive debt collection practices contribute to the number of personal bankruptcies, to marital instability, to the loss of jobs, and to **invasions of individual privacy**.

See, 15 U.S.C. §1692(a)(Abusive Practices)(emphasis added).

13. To achieve those ends, §1692c of the FDCPA limits the manner in which debt collectors may communicate with consumers; specifically, §1692c(a)(1) of the FDCPA prohibits a debt collector from communicating with a consumer if the debt collector knows that it is an inconvenient time for such contact.

14. Defendant's continued direct collection actions invaded Plaintiff's right to be left alone during her work hours, and intruded upon her seclusion; Defendant's

3

actions were a direct invasion of Ms. Brooks' legally-protected right to be left alone and her right to privacy – rights granted to consumers under the common law and § 1692c of the FDCPA, see, Six v. IQ Data International, 129 F.4th 630 (9th Cir. 2025;) Persinger v. Southwest Credit Systems, 20 F.4th 1184, 1191-93 (7th Cir. 2021); and Lupia v. Medicredit, 8 F.4th 1184, 1191-92 (10th Cir. 2021); see also, Gadelhak v. AT&T Services, 950 F.3d 458, 461-62 (7th Cir. 2020).

15. Defendant's collection actions alarmed, confused, and emotionally distressed Ms. Brooks, invaded her privacy, intruded upon her seclusion, and cost her time, effort and/or expense to try to stop Defendant's improper collection actions, see, Mack v. Resurgent Capital Services, 70 F.4th 395, 406-407 (7th Cir, 2023); Walters v. Fast AC, 60 F.4th 642, 649 (11th Cir. 2023); and Ebaugh v. Medicredit, Inc., 2025 U.S.App.LEXIS 8530 at [*1]-[*2] (8th Cir. 2025).

16. Defendant's collection actions complained of herein occurred within one year of the date of this Complaint.

**COUNT I**
**Violation of § 1692c(a)(1) Of The FDCPA --**
**Communicating With a Consumer At An Unusual Time Or Place**
**Known To Be Inconvenient To The Consumer**

17. Plaintiff adopts and realleges ¶¶ 1-16.

18. Section 1692c of the FDCPA prohibits a debt collector from communicating with a consumer at any unusual time or place, or a time or place known, or which should be known to be inconvenient to the consumer, see, 15 U.S.C. § 1692c(a)(1).

19. Here, Defendant knew that Ms. Brooks did not want to be contacted – via email, or any other form of communication -- about the debts between 8 a.m. and 6

p.m., because the letters that Ms. Brooks sent to Defendant Armstrong (Group Exhibit B) told it so. By emailing her within that inconvenient time frame (Group Exhibit D), Defendant violated § 1692c of the FDCPA.

20. Defendant's violations of § 1692c(a)(1) of the FDCPA render it liable for actual and statutory damages, costs, and reasonable attorneys' fees, see, 15 U.S.C. § 1692k.

## COUNT II
## Violation Of § 1692d Of The FDCPA –
## Abusive Collection Actions

21. Plaintiff adopts and realleges ¶¶ 1-16.

22. Section 1692d of the FDCPA prohibits a debt collector from engaging in any conduct, the natural consequence of which is to harass, oppress or abuse any person in connections with the collection of a debt, see, 15 U.S.C. § 1692d.

23. Repeatedly contacting a consumer during a known inconvenient time is conduct, the natural consequence of which harassed, oppressed and abused Plaintiff, in violation of § 1692d of the FDCPA.

24. Defendant's violations of § 1692d of the FDCPA render it liable for actual and statutory damages, costs, and reasonable attorneys' fees, see, 15 U.S.C. § 1692k

**PRAYER FOR RELIEF**

Plaintiff, Molly Brooks prays that this Court:

1. Find that Defendant's collection practices violate the FDCPA;

2. Enter judgment in favor of Plaintiff Brooks and against Defendant, for actual and statutory damages, costs, and reasonable attorneys' fees as provided by § 1692k(a) of the FDCPA; and,

3.    Grant such further relief as deemed just.

## JURY DEMAND

Plaintiff, Molly Brooks demands trial by jury.

                                          Molly Brooks,

                                          By: s/ David J. Philipps
                                          One of Plaintiff's Attorneys

Dated: December 11, 2025

David J. Philipps    (AL Bar No. 4240-J13P)
Philipps & Philipps, Ltd.
9760 S. Roberts Road
Suite One
Palos Hills, Illinois 60465
(708) 974-2900
(708) 974-2907 (FAX)
davephilipps@aol.com

Ronald C. Sykstus   (AL Bar No. ASB-7064-K73R)
Thomas F. Sykstus  (AL Bar No. ASB-1535I22-J)
Bond, Botes, Sykstus & Tanner, P.C.
225 Pratt Avenue
Huntsville, Alabama 35801
(256) 539-9899
(256) 713-0237 (FAX)
rsykstus@bondnbotes.com
tsykstus@bondnbotes.com